# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID WYNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18 C 7987 |
| | ) |
| | ) Judge Rebecca R. Pallmeyer |
| SHERWIN MILES, Acting Warden of | ) |
| the Stateville Correctional Center,[1] | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Petitioner David Wynter was convicted by a jury of home invasion and aggravated criminal sexual assault. The evidence at trial showed that the victim's assailant had entered her home at 2 a.m., threatened her with an ice pick, and then raped her vaginally. The Illinois trial court imposed two consecutive 30-year prison terms, both to be served consecutively to a sentence Wynter was serving on an unrelated case. Wynter appealed, challenging the trial court's decisions regarding his right of self-representation and the admission of DNA evidence found on the victim's underwear that identified Wynter as the rapist. The Illinois Appellate Court affirmed Wynter's conviction and sentence. He filed a post-conviction petition as well, but it was denied by the trial court and on appeal.

Wynter filed this petition pursuant to 28 U.S.C. § 2254 on December 4, 2018. Respondent, the warden at Stateville Correctional Center, has moved to dismiss the petition as untimely. That motion is granted.

## ANALYSIS

### I. Petition Was Not Timely Filed

In his motion, Respondent has laid out the relevant dates and supported his assertions with exhibits. Wynter was convicted in July 2009 and sentenced on January 10, 2010. He took a direct appeal, but the Illinois Appellate Court, First District, affirmed the conviction on June 19, 2012. *People v. Wynter*, 2012 IL App (1st) 100258 (Ex. 1 to Resp.'s Mot. to Dismiss [10-1].) Wynter filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, but the Court denied the PLA on November 28, 2012. Because he did not petition for a writ of certiorari from the U. S. Supreme Court, Wynter's conviction became final on February 26, 2013, and the one-year period for filing this petition began running. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009).

The "clock" stopped 106 days later on June 13, 2013, when Petitioner filed a state court post-conviction petition. The trial court denied that petition as patently frivolous, and the Appellate

---

[1] During the pendency of this case, Sherwin Miles replaced Walter Nicholson as Petitioner's custodian at the Stateville Correctional Center. Miles has been substituted as the proper Respondent. *See* FED. R. CIV. P. 25(d).

Court affirmed on March 20, 2017. *People v. Wynter*, 2017 IL App (1st) 133729-U (Ex. 3 to Resp.'s Mot. to Dismiss [10-3].) On November 22, 2017, the Illinois Supreme Court denied Wynter's PLA. *People v. Wynter*, 419 Ill.Dec. 658, 93 N.E.3d 1075 (Table) (2017) (Ex. 4 to Resp.'s Mot. to Dismiss [10-4].) The time for filing of this petition began running again from that date. With 106 days already elapsed, Petitioner had 259 days left in which to file a timely petition with this court—that is, until about August 8, 2018.

But Petitioner did not meet that deadline. He filed this petition on December 4, 2018, more than 100 days after the time for filing had run. Respondent has moved to dismiss the petition as untimely, and Petitioner filed several documents in response.

## II.  There Is No Basis for Equitable Tolling

First, Petitioner filed a motion "for substitute documents" [13] in which he asserted that he did not have copies of all relevant materials and needed additional time to obtain them before responding to the motion. A week later, however, Petitioner wrote to the court [14, 15], acknowledging that he had located what he needed, and then filed a handwritten memorandum in opposition to the motion to dismiss. In that memorandum, Petitioner focused on what he believes are errors in the trial process. He mentioned the matter of timeliness in a single sentence, asserting that "a member of the prison security staff knocked me unconscious May 15, 2016; damage to my eye was harmful to this Petitioner's deadline . . . ." (Pet'r's Opp'n. to Mot. to Dismiss [16] at 6.) In a supplemental submission, Petitioner again challenged purported trial errors. With respect to the issue of timeliness, he asserted that his "counsel erroneously informed me concerning the time frame to file" this petition. And he again argued that eye injuries resulting from the May 2016 assault "adversely affected [him] in every way and mentally disadvantaged his ability" to file a timely petition. (Mot. to Amend [17], at 3.) Documents that Petitioner submitted in yet another filing confirm that he sought care for his eye injury in 2016. (Mot. to Clarify [20] at 2.)

Respondent argues that neither of these circumstances excuses the untimeliness of the petition. The court agrees. To establish equitable tolling, Petitioner would have to show (1) that he diligently pursued his rights; and (2) that an extraordinary circumstance stood in his way, preventing a timely filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Ample case law defeats the argument that an attorney's negligence in counseling the client about time limits constitutes extraordinary circumstances for this purpose. *See, e.g.*, *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir.2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Modrowski v. Mote*, 322 F.3d 965, 968–69 (7th Cir. 2003) (attorney negligence is not ground for equitable tolling). "[N]either ignorance of the law nor bad (or incomplete) advice from counsel permits tolling," *U.S. ex rel. Strong v. Hulick*, 530 F.Supp.2d 1034, 1038 (N.D. Ill. 2008), and a litigant's "lack of legal expertise is not a basis for invoking equitable tolling." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

Petitioner's second argument for tolling relates to the eye injuries he claims to have suffered in 2016 at the hands of a prison guard. For purposes of this ruling, the court assumes the assault was unprovoked and that Petitioner's injuries were serious. As Respondent notes, however, the injuries did not stand in the way of meeting the August 2018 filing deadline; Petitioner filed a state post-conviction petition in 2017, despite the injuries. These circumstances defeat the inference that Petitioner's injuries support equitable tolling. "When an inmate, despite roadblocks thrown in his way, has reasonable time remaining to file a habeas petition in a timely manner, the

circumstances cannot, as a definitional matter, be said to have prevented timely filing, as the standard requires." *Taylor v. Michael*, 724 F.3d 806, 811-12 (7th Cir. 2013).

**Petition Appears to Lack Merit**

Because this petition is untimely, the court need not address the merits of Petitioner's claims. The court notes, however, that the state courts carefully examined the claims he raises here, and their analysis reflects reasonable applications of constitutional principles. Petitioner contends he was denied his Sixth Amendment right of self-representation, but the Illinois courts quoted transcript excerpts supporting the conclusion that Petitioner did not "clearly and unequivocally" invoke that right at trial. *See People v. Wynter*, 2012 IL App (1st) 100258 *2-4, 10, 11. Petitioner challenged the admission of the DNA evidence, as well; in rejecting that challenge, *id.* * 14, the Illinois Appellate Court relied on the Illinois Supreme Court case, *People v. Williams*, 238 Ill. 2d 125, 939 N.E.2d 268 (2010), later affirmed by the United States Supreme Court. *Williams v. Illinois*, 567 U.S. 50, 132 S.Ct. 2221 (2012). There was no error in admission of the DNA evidence.

## **CONCLUSION**

Wynter's § 2254 petition [1] is dismissed as untimely. Were the court to reach the merits, it would conclude that the state courts properly analyzed and rejected Wynter's claims. Wynter's motion for substitute documents [13] is deemed withdrawn. His motion to clarify amendment [20] is granted. The motion to dismiss the petition [10] is granted, and this case is dismissed. Because reasonable jurists could not "debate whether . . . the petition should have been resolved in a different manner," *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011), the court declines to issue a certificate of appealability. Judgment will enter in favor of the Respondent.

Petitioner is advised that this is a final decision ending his case in this court. If Petitioner wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* FED. R. APP. P. 4(a)(1). Petitioner need not bring a motion to reconsider this court's ruling to preserve his appellate rights, but if he does seek reconsideration, he may do so by filing a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* FED. R. CIV. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* FED. R. APP. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* FED. R. CIV. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* FED. R. APP. P. 4(a)(4)(A)(vi).

ENTER:

*[signature]*

Dated: June 17, 2019

REBECCA R. PALLMEYER
United States District Judge